IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Daniel Philip Schaney,** | : | |
| Plaintiff, | : | Case No. 2:09-cv-00431 |
| v. | : | Judge Smith |
| **Michael J. Astrue,** | : | Magistrate Judge Abel |
| **Commissioner of Social Security,** | : | |
| **Defendant.** | : | |

## ORDER

This matter is before the Court on plaintiff Daniel Philip Schaney's April 23, 2010 objections (doc. 23) to Magistrate Judge Abel's April 13, 2010 Report and Recommendation (doc. 21).  The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff Schaney is not disabled within the meaning of the Act.  The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

Plaintiff Schaney maintains that he became disabled in September 2002, at age 32, by alcoholism, anxiety, depression, social disorders, and low back pain. The administrative law judge found that Schaney retained the ability to perform a reduced range of work having light exertional demands.

Plaintiff Schaney, who is representing himself, argues that "there are no jobs in my area that I can do that will provide me with **gainful** income to support my wife and

three children . . . ." (Doc. 23, at p. 1.)(Emphasis in original.) As the Commissioner argues, under 20 C.F.R. § 404.1560(c)(1), a claimant is not disabled if there are a significant number of jobs "in the national economy" that he can perform. Here a vocational expert, 20 C.F.R. § 404.1560(c)(2), testified that an individual of Mr. Schaney's age, education, and vocational background with the residual functional capacity limitations found by the administrative law judge could perform over three million light, unskilled jobs in the national economy, including jobs as an order caller (2 million jobs nationally), a marker (300,000 jobs), and a ticket seller (900,000 jobs). (R. 34-35.) From a review of the record, the Court determines that here is substantial evidence supporting the administrative law judge's finding that Mr. Schaney can perform a reduced range of jobs having light exertional demands. Given that residual functional capacity, the vocational expert's testimony demonstrates that there are a significant number of job available in the national economy that plaintiff can perform. Consequently, there is substantial evidence supporting the administrative law judge's determination that Mr. Schaney is not disabled because there are a significant number of jobs in the national economy that he can perform. See, *Lindsley v. Commissioner of Social Security*, 560 F.3d 601, 606 (6th Cir. 2009); *Harmon v. Apfel*, 168 F.3d 289, 292 (6th Cir. 1999).

    Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary judgment is **DENIED.** Defendant's motion for summary judgment is

**GRANTED.** The decision of the Commissioner is **AFFIRMED.** The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant. This action is hereby **DISMISSED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**